MOORE et al. v. DECKER.    (No. 5464.)

(Court of Civil Appeals of Texas. San Antonio. April 21, 1915. Rehearing Denied May 26, 1915.)

1. APPEAL AND ERROR ⬤�söm544 — QUESTIONS PRESENTED FOR REVIEW—BILL OF EXCEPTIONS—NECESSITY.

In the absence of bills of exceptions, assignments complaining of errors in the charge, which did not state what the charge was, must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ⬤⟷ 544.]

2. MINES AND MINERALS ⬤⟷78—OIL LEASES— JUDGMENT.

Where defendant disclaimed any intention of interfering with plaintiffs' rights in wells opened, and plaintiffs made no effort to have the jury determine how much land was necessary for their operation, they cannot complain of a judgment which merely awarded so much land as was necessary.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 205–207; Dec. Dig. ⬤⟷78.]

3. EVIDENCE ⬤⟷461 — PAROL EVIDENCE — WRITTEN INSTRUMENTS.

Where an oil lease merely gave plaintiffs such land as was necessary to operate wells, they cannot show a parol agreement that for each well opened they should be entitled to an acre of land.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. ⬤⟷461.]

4. MINES AND MINERALS ⬤⟷77—OIL LEASES —DEFENSES.

Where plaintiffs sued to prevent defendant from interfering with their possession of oil land, they are not entitled to show that defendant, who had a lease from the owner, had forfeited his rights; that being a matter concerning the owner alone.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 204; Dec. Dig. ⬤⟷77.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by J. B. Moore and others against H. R. Decker. From a judgment for defendant, plaintiffs appeal. Affirmed.

R. W. Franklin and Jno. T. Garrison, both of Houston, for appellants. H. F. Ring and Carothers & Brown, all of Houston, for appellee.

FLY, C. J. Appellants, J. B. Moore, W. P. McInnerney, Ed. Spaulding, A. Stelzig, and James Antil, sued appellee, H. R. Decker, for the possession of a certain lot, No. 13 or 14, alleged to have been leased by them for obtaining oil, and for an injunction to restrain appellee from going upon said land and boring wells, or in any wise interfering with plaintiffs in the operation of their wells upon said property. Fifty pages of the transcript are devoted to pleadings, about 14 typewritten pages being consumed by the third amended petition in setting up the cause, although it seems to be a simple suit to maintain possession and use of a parcel of land, which appellants claim under a lease from R. W. Franklin, who was the receiver appointed in a certain suit between the owners and one Herman, to W. J. Kerwin and W. P. McInnerney, said lease including lots 13, 14, 15, and 16 in the Dunman-Conway disputed strip in the John Strange survey in Harris county, lying south of Jordan's gully. Appellee answered, setting up the terms of the receiver's lease and claiming a forfeiture by appellants of the lease, except as to two wells known as the "Queen Bee Wells," by a failure to operate the wells on the land as they bound themselves to do in the lease contract, and alleging that ap-

⬤⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pellee was entitled to the possession of the land by virtue of a lease of the same executed to him by the owners of the land on May 15, 1909. Appellee also filed a cross-action against the Texas Company, but, as it was dismissed from the suit, further mention of the cross-action is unnecessary. The jury, under instructions of the court, returned a verdict for appellee, and on that verdict judgment was rendered that appellants take nothing, and that appellee's title to all the land described in the lease be recognized, except the two wells known as the "Queen Bee Wells," and that all clouds on the title by reason of the claims of appellants be removed. The judgment further recites:

"The defendant, H. R. Decker, having admitted by his pleadings that under the terms of the Kerwin-McInnerney lease the lessees therein and their assigns are entitled to the use of such space as is necessary to operate the two wells known as the 'Queen Bee Wells,' and having disclaimed any intention to interfere with said lessees or their assigns in the use of such space as is necessary to operate said two Queen Bee wells, it is now considered, adjudged, and ordered by the court that the right of the said Kerwin and McInnerney and their assigns to the use of such space as is necessary to operate said two Queen Bee wells be, and the same is hereby, recognized."

[1] Appellants admitted that they had forfeited the lease contract, except as to the lot on which they had the two Queen Bee wells, and only claimed those wells and the ground about them necessary for their proper operation. The court gave them all they claimed, as clearly appears from the excerpt from the judgment hereinbefore copied. Appellants claimed that one acre was required to properly operate the two wells, and the court did not peremptorily instruct the jury, as stated by appellants, that they "were not entitled to one acre of land for the successful operation of the wells bored upon said acre." Appellants were decreed all the space necessary to operate the wells, whether the same be more or less than an acre. The judgment followed the terms of the lease, and gave appellants all they had any right to. No objection was urged to the charge at the time it was given, nor a bill of exceptions to the same reserved. Vernon-Sayles Stats. art. 1971.

[2] There was no evidence that the receiver had agreed to permit an acre to be held for the operation of any well or wells that might be secured on the acre, and the evidence was not sufficient to show that an acre would be required, and there was no issue to go to the jury on that matter. The lease contract does not make any such allowance or concession. It merely gave the "necessary space to operate them." The judgment protected that right.

[3] Whatever appellee may have done prior to the trial to prevent appellants from operating the wells, he disclaimed any intention to further interfere, and judgment was rendered protecting appellants in the use of the wells. The appellants made no effort to have the jury state how much land was necessary for the proper operation of the wells, and made no objections whatever to the instructions of the court, until a motion for new trial was filed. The first, second, third, fourth, and fifth assignments of error are overruled.

[4] The court very properly refused testimony as to what the understanding was between the receiver and appellants as to each well on an acre holding the whole acre. It was a plain attempt to vary the terms of a written contract which was plain in its terms. Through their sixth assignment of error appellants claim that they sought to prove by Moore that at the time of, and subsequent to, the execution of the lease it was agreed and understood that the boring of a well upon an acre would hold it. A reference to the bill of exceptions does not sustain the assignment of error, for the qualification by the judge shows that evidence of an agreement with the receiver was not sought, but merely "what understanding was placed upon that by the landowners or by the receiver."

The seventh assignment is overruled. The testimony of Kirlicks would have varied the terms of the written contract, and was properly rejected by the court. The contract provided for land necessary for the operation of a well, the oral testimony sought to show that the receiver had agreed that a whole acre would be set apart to each well. There was no allegation that a whole acre was necessary to the operation of one or two wells.

The question of appellee's forfeiture of his lease was not an issue in the case, and it was a matter that concerned the owners alone. It was a matter that the court properly refused to permit to be injected into the case by appellants. Had the evidence been admitted it would not, under the terms of appellee's lease, have shown a forfeiture on his part.

The contract of lease in this case was plain and unambiguous in its terms, and did not require the test of the understanding of the parties to it to make it clear. If it had been desired to recite that one well would hold the acre of land about it, it could have been easily inserted in the contract. That was not desired, however, for the contract provided that when a forfeiture was taken it should be "as to all lands embraced in this lease not taken up by producing wells and the necessary space to operate same."

The judgment is affirmed.

### On Motion for Rehearing.

Appellants assert that this court erred in overruling the first, second, third, fourth, and fifth assignments of error on the ground that appellants did not make objections or take bills of exception to the charge of the court. This court made no such ruling, but merely stated that no objection was urged to the charge at the time it was given, nor a bill

of exceptions reserved. This court has not made itself a party to the conflict among several of the Courts of Civil Appeals on the practice that should prevail as to taking bills of exception when a review is sought of the action of the trial court in giving peremptory instructions. What the charge of the court was, however, does not appear in any statement under either of the first three assignments of error, and this court could only ascertain what was in the charge by searching the record. This duty is not imposed on a court. Whatever the charge may have been, no objection was made to it, and no charges were asked by appellants. No objection to the charge was made until an amended motion for new trial was filed two weeks after the charge was given.

The fourth assignment of error complains of recitals in the judgment, but fails in the statement to show what the recitals were in the judgment. However, it may be said that appellee did disclaim any intention of interfering with appellants in the use of such space as is necessary to operate his wells, and there could be no harm in reciting that disclaimer in the judgment and basing a judgment for appellants thereon. If appellee did not make the disclaimer, he, and not appellants, has cause to complain.

The fifth assignment of error complains that the judgment is improper in that it does not adjudicate as to how much was necessary for the proper operation of the wells. It was not alleged in the petition that an acre of land was necessary for the operation of the wells, but merely that appellee had agreed that an acre was necessary. There was no evidence of an agreement, as before stated, that an acre of land should go with the wells. The evidence did not show that an acre was necessary.

The motion for rehearing is overruled.